UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

TIMOTHY JAMES CELLI,

Civil Action No:

Plaintiff,

v.

**COMPLAINT
AND JURY DEMAND**

THE SALOON LLC. d/b/a
THE PEARL RIVER SALOON,
SHAWN CASEY, BRIDGET V. KILLEN,
45-49 WEST CENTRAL AVENUE LLC,
CHRISTOPHER MOYNIHAN and
XYZ SECURITY, INC. (a fictitious name),

Defendants.
_____

Plaintiff, TIMOTHY JAMES CELLI, by his attorneys BLAU LEONARD

LAW GROUP, LLC alleges of his own knowledge and conduct and upon information

and belief as to all other matters, as follows:

## NATURE OF CLAIMS

1.      This is an action to recover significant monetary damages for the severe and

permanent injuries sustained by Plaintiff arising from an unprovoked attack while

Plaintiff was lawfully upon the premises and a patron at the defendant, THE

SALOON LLC. d/b/a THE PEARL RIVER SALOON ("SALOON").

2.      Plaintiff seeks to recover compensatory and punitive damages for the severe

and permanent injuries and conscious pain and suffering proximately resulting from

SALOON'S unlawful sale and furnishment of alcoholic beverages and liquor to a

visibly intoxicated person, in violation of the New York Dram Shop Acts, N.Y. General

1

Obligations Law, §§ 11-100,11-101 and the New York State Alcohol and Beverage Control Law, §65.

3.     Plaintiff also seeks to recover monetary damages for SALOON'S negligent failure to exercise reasonable care to protect guests against injury at the hands of third persons and to take reasonable protective measures, including providing adequate security, to protect guests or tenants against third-party criminal acts, particularly where the occurrence of criminal activity on the premises was reasonably foreseeable.

## JURISDICTION AND VENUE

4.     Pursuant to 28 U.S.C.A. §1332, this Court has original jurisdiction of this action since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.     Pursuant to 28 U.S.C. §1391(b)(2), venue is properly placed in this Court as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## PARTIES

6.     At all times relevant to this action, Plaintiff was a citizen of the State of New Jersey.

7.     Upon information and belief, and at all times herein mentioned, defendant CHRISTOPHER MOYNIHAN ("MOYNIHAN") was a citizen of the State of New York.

8.     At all times herein mentioned, SALOON was a limited liability company created and existing under and by virtue of the laws of the State of New York.

9.     At all times herein mentioned, SALOON maintained its principal place of business at 49 W Central Avenue, Pearl River, NY 10965.

10.    At all times hereinafter mentioned, defendant SHAWN CASEY, ("CASEY") was a co-owner, member, officer and principal of SALOON.

11.    At all relevant times CASEY controlled and managed the daily operations and business activities of SALOON.

12.    At all times hereinafter mentioned, defendant, BRIDGET V. KIILLEN, ("KILLEN") was a co-owner, member, officer and principal of SALOON.

13.    At all relevant times KILLEN controlled and managed the daily operations and business activities of SALOON.

14.    At all times herein mentioned, 45-49 WEST CENTRAL AVENUE LLC ("LESSOR") was a limited liability company created and existing under and by virtue of the laws of the State of New York.

15.    At all times hereinafter mentioned, CASEY was a co-owner, member, officer and principal of LESSOR.

16.    At all times hereinafter mentioned, KILLEN was a co-owner, member, officer and principal of LESSOR.

17.    At all relevant times, LESSOR leased the subject premises to SALOON.

18.    Upon information and belief, defendant, XYZ SECURITY, INC., is a corporation or other business entity providing security management to SALOON and associated with, under the control of, operated by, managed by, maintained by or directed by the Defendants, which will be joined once its true identity becomes known.

## FACTUAL BACKGROUND

19. At all relevant times, SALOON leased, operated, managed, controlled and maintained a certain bar, lounge and night club known as THE PEARL RIVER SALOON.

20. At all relevant times, CASEY owned, operated, managed, controlled and maintained SALOON.

21. At all relevant times, KILLEN owned, operated, managed, controlled and maintained SALOON.

22. At all relevant times, Defendants (collectively "SALOON") was in the business of selling and/or furnishing alcoholic beverages and intoxicating liquors to the general public.

23. At all relevant times, Defendants advertised to, promoted to, and solicited the public to patronize SALOON.

24. At all relevant times, Defendants expressly and impliedly warranted in their advertising and promotion that SALOON was safe, fit, and suitable for the intended purpose and use by patrons.

25. At all relevant times, SALOON had a duty to protect and provide safety to patrons lawfully in its premisws.

26. At all relevant times, SALOON have a duty to protect patrons or invitees from foreseeable harm caused by the criminal conduct of others while they were on the premises.

27.     On May 8, 2015, SALOON was open for business, including the dispensing, selling, and/or serving of alcoholic beverages as authorized and approved by the Alcoholic Beverage Control Board and other governmental agencies, pursuant to the laws of the State of New York.

28.     On May 8, 2015, Plaintiff was a patron of and lawfully present on the premises of SALOON.

29.     On May 8, 2015 MOYNIHAN was also lawfully upon the premises and was a patron of SALOON at the same time as Plaintiff was present.

30.     Prior to the incidents described herein, MOYNIHAN and Plaintiff had no interactions and did not know each other.

31.     On May 8, 2015, MOYNIHAN was being served multiple alcoholic beverages by agents, servants and/or employees of SALOON, during all times of which MOYNIHAN was visibly intoxicated and acted in a loud and obnoxious manner.

32.     Despite being visibly intoxicated and acting in a loud and obnoxious manner. MOYNIHAN continued to be served alcoholic beverages, by agents, servants and/or employees of SALOON.

33.     SALOON continued to serve, sell and furnish alcoholic beverages and intoxicating liquors in excessive amounts to several visibly intoxicated patrons, including MOYNIHAN, up to early morning on May 9, 2015.

34.     On May 9, 2015 at approximately 3:15 a.m., arguments, loud provocative confrontations and/or fights originated from the dance floor, involving multiple patrons inside of the SALOON.

35. After the physical confrontations were festering for over 20-25 minutes and a fight erupted, at or around 3:50 a.m., security personnel of XYZ SECURITY, INC., bouncers, and agents, servants and/or employees of SALOON physically and forcefully subdued and removed from SALOON'S premises, more than 50-100 patrons, including bystanders and those involved in the dance floor melee.

36. In the absence of local law enforcement assistance and direction, personnel of XYZ SECURITY, INC., bouncers, and agents, servants and/or employees of SALOON roughly and violently with force herded patrons, *en masse,* out onto Central Avenue, directly in front of SALOON premises.

37. Multiple fights immediately erupted in front of SALOON premises between patrons.

38. Multiple fights immediately erupted in front of SALOON premises between patrons and personnel of XYZ SECURITY, INC., bouncers, and agents, servants and/or employees of SALOON.

39. Plaintiff was pummeled by MOYNIHAN, severely injured and rendered unconscious.

40. XYZ SECURITY, INC., bouncers, and agents, servants and/or employees of SALOON did not attempt to prevent, restrain, and/or discourage MOYNIHAN from attacking Plaintiff or repeatedly punching Plaintiff in the face while lying on the ground.

41. As a direct result of the attack upon Plaintiff by MOYNIHAN and Defendants' failure to take reasonable precautions to prevent same, Plaintiff was transported to

the Nyack Hospital Emergency Room where he received emergency medical care and was subsequently transferred to Hackensack Medical Center.

42.    Plaintiff received medical care and treatment for injuries including Subarachnoid hemorrhage; displaced right orbital floor fracture; lateral orbital wall fracture; right lamina papyracea fracture; right anterior and posterior lateral wall fracture of the orbit; maxillary sinus fracture; left mandibular fracture; permanent scarring; etc.

43.    Plaintiff has sustained the following permanent and progressive injuries Subarachnoid hemorrhage; displaced right orbital floor fracture; lateral orbital wall fracture; right lamina papyracea fracture; right anterior and posterior lateral wall fracture of the orbit; maxillary sinus fracture; left mandibular fracture; permanent scarring; etc.

44.    As a direct result of MOYNIHAN's attack, Plaintiff has suffered, including but not limited to, post-traumatic stress and flashbacks, constant headaches, insomnia, is unable to perform or engage in many of the activities he did prior to the incident, etc.

## COUNT I

45.    Plaintiff repeats and realleges the preceding paragraphs of the Complaint, as if fully set forth herein.

46.    SALOON sold or provided alcoholic beverages and intoxicating liquors to MOYNIHAN, at a time when he was visibly intoxicated.

47.    MOYNIHAN exhibited visible intoxication by acting in a loud and obnoxious manner; exhibiting slurred speech, bloodshot eyes, and lack of physical coordination.

7

48.     SALOON, through its agents, servants, and/or employees, intentionally, recklessly and/or negligently failed to exercise any form of restraint over which the manner of alcoholic beverages were dispensed to MOYNIHAN.

49.     SALOON, through its agents, servants, and/or employees, caused and contributed to MOYNIHAN's intoxication.

50.     As a result of the aforesaid actions and conduct of SALOON, through its agents, servants, and/or employees, SALOON did violate the provisions of Section 11-101 of the General Obligations Law and Section 65 of the Alcoholic Beverage Control Law of the State of New York.

51.     By reason of the foregoing, SALOON is liable both for the direct actions of MOYNIHAN, as well as any instances where MOYNIHAN was simply a party to an incident resulting in injury to Plaintiff.

52.     As a proximate result of the foregoing, Plaintiff was injured externally, internally, and permanently, physically and mentally so that he became or will continue to be disabled and will continue to suffer pain, discomfort, significant disfigurement, loss of enjoyment of life, distress, and psychological adjustment.

53.     That by reason of the aforesaid injuries, Plaintiff required and will continue to require the services of physicians, surgeons, hospitals, psychologists, psychiatrists and other medical care providers.

54.     That as a result of the aforesaid injuries, Plaintiff has been damaged in his profession and will continue to be damaged in the future, and, as result of the aforesaid injuries, the future earnings capacity, profession, and livelihood of Plaintiff

will be partially and/or totally and permanently impaired, without any negligence on the part of the Plaintiff contributing thereto.

55.    SALOON is liable to Plaintiff for damages in the amount of ONE MILLION and 00/100 ($1,000,000) DOLLARS.

56.    This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

## COUNT TWO

57.    Plaintiff repeats and re-alleges the foregoing paragraphs and incorporates same by reference as if more fully set forth herein.

58.    SALOON, as lessee of the subject premises, possessed a duty to protect patrons or invitees, including Plaintiff, from foreseeable harm caused by the criminal conduct of others, while they are on the premises.

59.    SALOON, as lessee of the subject premises, possessed a duty to exercise reasonable care to protect patrons on its property, by controlling the conduct of third persons on their premises, when they had the opportunity to control such persons and were reasonably aware of the need for such control.

60.    SALOON, through its agents, servants, and/or employees was directly and actually aware of the intoxication, fighting and dangerous actions of third parties on the subject premises.

61.    SALOON, through its agents, servants, and/or employees was present at and participated in the fighting that transpired on the dance floor, which preceded the

later physical attack on Plaintiff. This provides a reasonable basis to conclude the physical attack on Plaintiff outside the subject premises was foreseeable.

62.     In roughly and violently herding the incited patrons, *en masse*, from the dance floor to out onto Central Avenue, (directly in front of the premises) SALOON, failed to take reasonable preventative measures to eliminate the continuing danger from such actions of third parties.

63.     Under the above described circumstances, there is a reasonable basis to conclude that it was foreseeable that the fighting would continue directly outside the subject premises.

64.     Because Defendants negligently failed to reasonably control foreseeable actions of third parties on the subject premises, they are liable to Plaintiff for any harm or damage resulting from those omissions/commissions.

65.     SALOON is liable to Plaintiff for damages in the amount of ONE MILLION and 00/100 ($1,000,000) DOLLARS.

### COUNT THREE

66.     Plaintiff repeats and re-alleges the foregoing paragraphs and incorporates same by reference as if more fully set forth herein.

67.     LESSOR had the duty and obligation to take reasonable precautions against reasonably foreseeable criminal acts of third persons.

68.     LESSOR of the subject premises failed to take those precautions.

69.     LESSOR of the subject premises is liable for any harm or damage resulting from the assault or any incident surrounding the attack upon Plaintiff.

70.     LESSOR is liable to Plaintiff for damages in the amount of ONE MILLION and 00/100 ($1,000,000) DOLLARS.

## COUNT FOUR

71.     Plaintiff repeats and re-alleges the foregoing paragraphs and incorporates same by reference as if more fully set forth herein.

72.     Defendants were under a duty to take reasonable precautions to protect patrons from dangers that are foreseeable from the arrangement or use of the property and to exercise reasonable care in protecting visitors from the foreseeable, injurious actions of third parties.

73.     SALOON entered into a contract with XYZ SECURITY, INC., to provide security services to protect third parties legally on the subject premises.

74.     Patrons, including Plaintiff, were intended beneficiaries of the contract to provide security.

75.     Where performance is to be rendered directly to a third party under the terms of an agreement, the third party is deemed an intended beneficiary of the covenant and is entitled to sue for its breach. *Goodman-Marks Associates Inc. v. Westbury Post Associates,* 70 A.D.2d 145 (1979).

76.     XYZ SECURITY, INC. breached the contract with SALOON and failed to provide reasonable security services to protect third parties legally on the subject premises.

77.     XYZ SECURITY, INC is liable to Plaintiff for all damages proximately caused by such breach of contract.

## COUNT FIVE

78.    Plaintiff repeats and re-alleges the preceding paragraphs of the Complaint, as if fully set forth herein.

79.    SALOON'S wrongful actions and conduct in continuing to serve MOYNIHAN alcoholic beverages and liquor, while visibly in a state of intoxication, was willful, wanton, reckless and egregious,

80.     SALOON's aforementioned wrongful actions and conduct proximately resulted in Plaintiff' sustaining severe and permanent personal injuries and extreme conscious pain and suffering.

81.    By reason of the foregoing, Plaintiff is entitled to punitive damages under N.Y. General Obligations Law, §11-101, in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    Judgment against Defendants on COUNT ONE in the amount of ONE MILLION and 00/100 ($1,000,000) DOLLARS.

B.    Judgment against Defendants on COUNT TWO in the amount of ONE MILLION and 00/100 ($1,000,000) DOLLARS.

C.    Judgment against Defendants on COUNT THREE in the amount of ONE MILLION and 00/100 ($1,000,000) DOLLARS.

D.    Judgment against Defendants on COUNT FOUR in the amount of ONE MILLION and 00/100 ($1,000,000) DOLLARS.

E.      Judgment against Defendants on COUNT FIVE in the amount of ONE

MILLION and 00/100 ($1,000,000) DOLLARS.

F.      Costs of action incurred herein, including reasonable attorney's fees.

G.      Such other and further legal and equitable relief as this Court deems necessary,

just and proper.

Dated: August 11, 2016

> BLAU, LEONARD LAW GROUP, LLC
>
> By:_____
> 23 Green Street, Suite 303
> Huntington, NY 11743
> (631) 458-1010
> (631) 458-1011 (fax)
> sblau@blauleonardlaw.com
> sleonard@blauleonardlaw.com
>
> *Attorneys for Plaintiff*