UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------
TIMOTHY JAMES CELLI,

               Plaintiff,

         -against-

THE SALOON LLC. d/b/a THE PEARL RIVER
SALOON, SHAWN CASEY, BRIDGET V. KILLEN,
45-49 WEST CENTRAL AVENUE LLC,
CHRISTOPHER MOYNIHAN and XYZ SECURITY,
INC. ( a fictitious name),

               Defendants.
---------------------------------------------------------------------

**ANSWER TO AMENDED COMPLAINT**

**Civil Action No. 7:16cv6405(VB)**

    Defendants The Saloon LLC d/b/a The Pearl River Saloon, Shawn Casey, and Bridget Killen ("Answering Defendants"), by and through their attorneys, Goldberg Segalla, LLP, answering Plaintiff's Amended Complaint ("Plaintiff's Complaint"), respectfully show to this Court and allege, upon information and belief, the following:

## NATURE OF CLAIMS

    1:    Deny each and every allegation contained in paragraph numbered "1" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

    2:    Deny each and every allegation contained in paragraph numbered "2" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

    3:    Deny each and every allegation contained in paragraph numbered "3" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

5673760.1

## JURISDICTION AND VENUE

4: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "4" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

5: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "5" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## PARTIES

6: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "6" of Plaintiff's Complaint.

7: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "7" of Plaintiff's Complaint.

8: Admit only, upon information and belief, Defendant Saloon was a limited liability company created and existing under and by virtue of the laws of the State of New York, otherwise deny having knowledge or information sufficient to form a belief as to all other allegations contained in paragraph numbered "8" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

9: Admit only, Defendant Saloon maintained its principal place of business at 45-49 West Central Avenue, Pearl River, New York 10965.

10: Deny each and every allegation contained in paragraph numbered "10" of Plaintiff's Complaint.

11: Admit only, Defendant Casey is a citizen of the State of New York, residing in White Plains, New York.

5673760.1

12: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "12" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

13: Deny each and every allegation contained in paragraph numbered "13" of Plaintiff's Complaint.

14: Admit only, Defendant Killen is a citizen of the State of New York, residing in New City, New York.

15: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "15" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

16: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "16" of Plaintiff's Complaint.

17: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "17" of Plaintiff's Complaint.

18: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "18" of Plaintiff's Complaint.

19: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "19" of Plaintiff's Complaint.

20: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "20" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## FACTUAL BACKGROUND

21:  Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "21" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

22:  Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "22" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

23:  Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "23" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

24:  Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "24" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

25:  Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "25" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

26:  Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "26" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

27:  Deny each and every allegation contained in paragraph numbered "27" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

28: Deny each and every allegation contained in paragraph numbered "28" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

29: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "29" of Plaintiff's Complaint.

30: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "30" of Plaintiff's Complaint.

31: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "31" of Plaintiff's Complaint.

32: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "32" of Plaintiff's Complaint.

33: Deny each and every allegation contained in paragraph numbered "33" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

34: Deny each and every allegation contained in paragraph numbered "34" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

35: Deny each and every allegation contained in paragraph numbered "35" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

36: Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "36" of Plaintiff's Complaint.

37:     Deny each and every allegation contained in paragraph numbered "37" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

38:     Deny each and every allegation contained in paragraph numbered "38" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

39:     Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "39" of Plaintiff's Complaint.

40:     Deny each and every allegation contained in paragraph numbered "40" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

41:     Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "41" of Plaintiff's Complaint.

42:     Deny each and every allegation contained in paragraph numbered "42" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

43:     Deny each and every allegation contained in paragraph numbered "43" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

44:     Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "44" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

45:   Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "45" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

46:   Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "46" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## COUNT 1

47.   Answering paragraph numbered "47" of Plaintiff's Complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "46," inclusive with the same force and effect as though more fully set forth at length herein.

48:   Deny each and every allegation contained in paragraph numbered "48" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

49:   Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "49" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

50:   Deny each and every allegation contained in paragraph numbered "50" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

51:   Deny each and every allegation contained in paragraph numbered "51" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

52: Deny each and every allegation contained in paragraph numbered "52" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

53: Deny each and every allegation contained in paragraph numbered "53" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

54: Deny each and every allegation contained in paragraph numbered "54" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

55: Deny each and every allegation contained in paragraph numbered "55" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

56: Deny each and every allegation contained in paragraph numbered "56" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

57: Deny each and every allegation contained in paragraph numbered "57" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

58: Deny each and every allegation contained in paragraph numbered "58" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## COUNT TWO

59.     Answering paragraph numbered "59" of Plaintiff's Complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "58," inclusive with the same force and effect as though more fully set forth at length herein.

60:     Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "60" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

61:     Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "61" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

62:     Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "62" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

63:     Deny each and every allegation contained in paragraph numbered "17" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

64:     Deny each and every allegation contained in paragraph numbered "64" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

65:     Deny each and every allegation contained in paragraph numbered "65" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

5673760.1

66:    Deny each and every allegation contained in paragraph numbered "66" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

67:    Deny each and every allegation contained in paragraph numbered "67" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## COUNT THREE

68.    Answering paragraph numbered "68" of Plaintiff's Complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "67," inclusive with the same force and effect as though more fully set forth at length herein.

69:    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "69" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

70:    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "70" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

71:    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "71" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

72:    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "72" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## **COUNT FOUR**

73. Answering paragraph numbered "73" of Plaintiff's Complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "72," inclusive with the same force and effect as though more fully set forth at length herein.

74: Deny each and every allegation contained in paragraph numbered "74" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

75: Deny each and every allegation contained in paragraph numbered "75" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

76: Deny each and every allegation contained in paragraph numbered "76" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

77: Deny each and every allegation contained in paragraph numbered "77" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

78: Deny each and every allegation contained in paragraph numbered "78" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

79: Deny each and every allegation contained in paragraph numbered "79" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

5673760.1

## COUNT FIVE

80. Answering paragraph numbered "80" of Plaintiff's Complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "79," inclusive with the same force and effect as though more fully set forth at length herein.

81: Deny each and every allegation contained in paragraph numbered "81" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

82: Deny each and every allegation contained in paragraph numbered "82" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

83: Deny each and every allegation contained in paragraph numbered "83" of Plaintiff's Complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

84. This action is barred as Plaintiff participated in, contributed and/or caused any alleged intoxication of Defendant Christopher Moynihan.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

85. Plaintiff voluntarily engaged in a dangerous activity and in doing so, assumed the risks attendant thereto and those risks were open, obvious and known.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

86: Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

87:   The negligence of Plaintiff was a proximate, contributing, or superseding cause of her alleged damages. Such negligence or fault, therefore, bars or diminishes any liability of Answering Defendants for any alleged damages sustained by Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

88:   The negligence or fault of persons and/or entities other than Answering Defendants was a proximate, contributing, or superseding cause of Plaintiff's alleged damages or resulting loss. Such negligence or fault, therefore, bars or diminishes liability of Answering Defendants for any alleged damages sustained by Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

89:   Plaintiff assumed the risk of any and all damages alleged in Plaintiff's Complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

90:   To the extent discovery may show or demonstrate all or part of Plaintiff's claims which form the basis of his Complaint have either been settled or adjudicated, the doctrines of res judicata, collateral estoppel, payment and release, waiver, and accord and satisfaction bar Plaintiff's claims against Answering Defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

91:   Any assessment of damages against Answering Defendants should be limited pursuant to Article 16 of the New York Civil Practice Law and Rules.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

92:   Any damages awarded to Plaintiff must be reduced by the amount Plaintiff received or will receive from any collateral source, including, but not limited to, insurance, social security, workers' compensation or employee benefit programs, that the Court finds was, or will

5673760.1

with reasonable certainty, be replaced or indemnified pursuant to §4545 of the New York Civil Practice Law and Rules.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

93:     To the extent that discovery may show or demonstrate, Plaintiff failed to join feasible and necessary parties to afford a just adjudication of the causes of action alleged in Plaintiff's Complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

94:     The occurrence and damages alleged in Plaintiff's Complaint resulted from an act of God, an unavoidable accident, a sudden emergency, or conditions or occurrences for which Answering Defendants was not liable or responsible.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

95:     To the extent that discovery may show or demonstrate, Plaintiff, at all relevant times herein, failed to take reasonable action to mitigate the injuries and damages alleged in Plaintiff's Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

96:     If Plaintiff settles, discontinues and/or ends this action and/or any other action arising out of the same incident to which the herein action pertains, and/or does so in the future as against one or more defendants herein and/or any other alleged tortfeasor, Answering Defendants assert their rights to any and all set-offs in accordance with General Obligations Law §15-108.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

97:     Answering Defendants did not have actual or constructive notice of any alleged dangerous conditions.

5673760.1

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

98:   Answering Defendants did not create any alleged defective conditions.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

99:   Answering Defendants intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate motion.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

100:   Answering Defendants were not parties to a contract and/or agreement with any party named herein.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

101:   Answering Defendants did not breach any alleged contracts and/or agreements.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

102:   Plaintiff was not an intended third-party beneficiary of any alleged contracts between Answering Defendants and any party named herein.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

103:   Plaintiff's breach of contract claims are barred by New York's Statute of Frauds.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

104:   No independent cause of action for punitive damages exists in New York.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

105:   Answering Defendants did not sell liquor to any visibly intoxicated persons.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

106:   Answering Defendants did not illegally assist in procuring liquor for any visibly intoxicated persons.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

107: Answering Defendants did not sell liquor to any person under the age of twenty-one.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

108: Answering Defendants and their employees were properly trained in identifying visibly intoxicated persons.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

109: Answering Defendants acted reasonably, in good faith, and without malice toward Plaintiff.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS, 45-49 WEST CENTRAL AVENUE LLC, CHRISTOPHER MOYNIHAN AND XYZ SECURITY, INC. (A FICTITIOUS NAME), ANSWERING DEFENDANTS THE SALOON LLC. D/B/A THE PEARL RIVER SALOON, SHAWN CASEY, AND BRIDGET V. KILLEN:

110: If the damages and injuries alleged in Plaintiff's Complaint were the result of any negligence other than Plaintiff's own negligence, said injuries and damages were caused by the active, primary, and affirmative negligence of 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), their agents, servants and/or employees, without any active negligence or active participation on the part of Answering Defendants contributing thereto; and in that said Defendants caused, created, maintained, controlled, supervised, and was responsible for the conditions alleged in Plaintiff's Complaint and at the situs of the alleged occurrence; and in that said Defendants were the primary wrongdoers of any and all negligent or wrongful acts; and in that Defendants actively and actually caused, created, maintained, and were

5673760.1

responsible for the conditions alleged in Plaintiff's Complaint; and that for these reasons, Defendant 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), are obligated to indemnify and hold harmless Answering Defendants from and against any and all liability and damages which may be imposed upon Answering Defendants, and if any negligence or liability is found to exist on the part of Answering Defendants, such liability and negligence is secondary and/or passive, or the result solely of operation of law as opposed to the liability of 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), whose liability is primary and active as aforesaid, and in such event Answering Defendants demands judgment over and against 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), in indemnity and/or contribution, for the amount of any verdict or judgment which shall or may be had against Answering Defendants in this action, together with all costs and expenses which may be incurred in the defense of this action.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS, 45-49 WEST CENTRAL AVENUE LLC, CHRISTOPHER MOYNIHAN AND XYZ SECURITY, INC. (A FICTITIOUS NAME), ANSWERING DEFENDANTS THE SALOON LLC. D/B/A THE PEARL RIVER SALOON, SHAWN CASEY, AND BRIDGET V. KILLEN:

111:   If Answering Defendants are held liable to Plaintiff in this action, such liability and damages will have arisen out of and have been contributed to in all or in part by the negligence, recklessness, carelessness, and/or breach of contract of 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), and in such event Answering Defendants demand judgment over and against 45-49 West Central Avenue LLC,

5673760.1

Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), in indemnity and/or contribution, for the amount of any verdict or judgment which shall or may be had against Answering Defendants in this action, together with all costs and expenses which may be incurred in the defense of this action.

**AS AND FOR A THIRD CROSS-CLAIM
AGAINST DEFENDANTS, 45-49 WEST CENTRAL AVENUE LLC,
CHRISTOPHER MOYNIHAN AND XYZ SECURITY, INC.
(A FICTITIOUS NAME),
ANSWERING DEFENDANTS THE SALOON LLC. D/B/A THE
PEARL RIVER SALOON, SHAWN CASEY, AND BRIDGET V. KILLEN:**

112:   That if Plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the Complaint and in the manner alleged therein, then the said injuries and damages arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty, and/or obligations, and/or statute, and/or contract of 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), against whom this cross-claim is plead with indemnification and save harmless agreement, and without any breaches or any negligence of Answering Defendants contributing thereto, and if a judgment or verdict is rendered against Answering Defendants, then and in that event, 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), against whom this cross-claim is plead, will be liable to Answering Defendants and bound to fully indemnify and hold harmless Answering Defendants for the full amount of any verdict or judgment that Plaintiff herein may recover against Answering Defendants.

**AS AND FOR A FOURTH CROSS-CLAIM
AGAINST DEFENDANTS, 45-49 WEST CENTRAL AVENUE LLC,
CHRISTOPHER MOYNIHAN AND XYZ SECURITY, INC.
(A FICTITIOUS NAME),
ANSWERING DEFENDANTS THE SALOON LLC. D/B/A THE
PEARL RIVER SALOON, SHAWN CASEY, AND BRIDGET V. KILLEN:**

5673760.1

113:   That prior to the date of the incident alleged by Plaintiff in this action, 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), agreed to purchase and/or maintain a liability policy of insurance providing insurance coverage to Answering Defendants concerning the damages and loss claimed by Plaintiff in the action

114:   That if Plaintiff recovers a judgment herein against Answering Defendants, then 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), shall be obligated to pay such judgment or reimburse Answering Defendants up to the amount of the insurance coverage provided to Answering Defendants pursuant to the aforementioned insurance policy.

115:   That if 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), breached the obligation to procure and/or maintain a liability policy of insurance providing coverage to Answering Defendants, and if Plaintiff recovers a judgment herein against Answering Defendants, then Answering Defendants will be damaged thereby and, consequently, 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), will be liable to Answering Defendants for the resulting damage, including the liability of Answering Defendants to Plaintiff.

**WHEREFORE**, Answering Defendants The Saloon LLC. d/b/a The Pearl River Saloon, Shawn Casey, and Bridget V. Killen, demand judgment dismissing Plaintiff's Complaint, and further demand judgment over and against Defendants 45-49 West Central Avenue LLC, Christopher Moynihan and XYZ Security, Inc. (A Fictitious Name), their cross-claims, for the amount of any judgment obtained against Answering Defendants The Saloon LLC. d/b/a The Pearl River Saloon, Shawn Casey, and Bridget V. Killen, on the basis of apportionment of

5673760.1

responsibility in such amounts as a jury or Court may direct, together with the costs and disbursements of this action.

Dated: Garden City, New York
October 17, 2016

        Respectfully submitted,

        GOLDBERG SEGALLA LLP

        _/s/ Scott Eisenberg_
        By: Scott P. Eisenberg, Esq. (SE-3781)
        *Attorneys for Defendants*
        *The Saloon LLC d/b/a The Pearl River Saloon,*
        *Shawn Casey, and Bridget V. Killen*
        200 Garden City Plaza, Suite 520
        Garden City, New York 11530
        (516) 281-9800
        seisenberg@goldbergsegalla.com

**Via Electronic Case Filing**

TO:    Blau Leonard Law Group, LLC
        *Attorneys for Plaintiff*
        23 Green Street, Suite 303
        Huntington, New York 11743
        (631) 458-1010
        sblau@blauleonard.com

5673760.1