UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
TIMOTHY JAMES CELLI,

                Plaintiff,

        -against-

THE SALOON LLC. d/b/a THE PEARL RIVER
SALOON, SHAWN CASEY, BRIDGET V. KILLEN,
45-49 WEST CENTRAL AVENUE LLC,
CHRISTOPHER MOYNIHAN and XYZ SECURITY,
INC. ( a fictitious name),

                Defendants.
-----------------------------------------------------------------

**ANSWER TO AMENDED COMPLAINT**

**Civil Action No. 7.16cv6405(VB)**

        Defendant 45-49 West Central Avenue LLC ("45-49"), by and through its attorneys, Goldberg Segalla, LLP, answering Plaintiff's Amended Complaint ("Plaintiff's Complaint"), respectfully show to this Court and allege, upon information and belief, the following.

## NATURE OF CLAIMS

        1.     Denies each and every allegation contained in paragraph numbered "1" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

        2.     Denies each and every allegation contained in paragraph numbered "2" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

        3.     Denies each and every allegation contained in paragraph numbered "3" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## JURISDICTION AND VENUE

4. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "4" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

5. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "5" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## PARTIES

6. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "6" of Plaintiff's Complaint.

7. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "7" of Plaintiff's Complaint.

8. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "8" of Plaintiff's Complaint.

9. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "9" of Plaintiff's Complaint.

10. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "10" of Plaintiff's Complaint.

11. Admits only, Defendant Casey is a citizen of the State of New York, residing in White Plains, New York.

12. Denies, in the form alleged, each and every allegation contained in paragraph "12" and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

13. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "13" of Plaintiff's Complaint.

14. Admits only, Defendant Killen is a citizen of the State of New York, residing in New City, New York.

15. Denies, in the form alleged, each and every allegation contained in paragraph "15" and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

16. Admits only, Defendant 45-49 West Central Avenue LLC "Lessor" was a limited liability company created and existing under and by virtue of the laws of the State of New York. The N.Y.S. Department of State, Division of Corporations, lists Lessor's address for DOS Process at 45-49 West Central Avenue, Pearl River, New York 10965.

17. Denies, in the form alleged, each and every allegation contained in paragraph "17" and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

18. Denies, in the form alleged, each and every allegation contained in paragraph "18," and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

19. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "19" of Plaintiff's Complaint.

20. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "20" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

5754618.1

## FACTUAL BACKGROUND

21. Denies, in the form alleged, each and every allegation contained in paragraph "21" and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

22. Denies, in the form alleged, each and every allegation contained in paragraph "22" and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

23. Denies, in the form alleged, each and every allegation contained in paragraph "23" and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

24. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "24" of Plaintiff's Complaint.

25. Denies, in the form alleged, each and every allegation contained in paragraph "25" and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

26. Denies, in the form alleged, each and every allegation contained in paragraph "26" and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

27. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "27" of Plaintiff's Complaint.

28. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "28" of Plaintiff's Complaint.

5754618.1

29. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "29" of Plaintiff's Complaint.

30. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "30" of Plaintiff's Complaint.

31. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "31" of Plaintiff's Complaint.

32. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "32" of Plaintiff's Complaint.

33. Denies each and every allegation contained in paragraph numbered "33" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

34. Denies each and every allegation contained in paragraph numbered "34" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

35. Denies each and every allegation contained in paragraph numbered "35" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

36. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "36" of Plaintiff's Complaint.

37. Denies each and every allegation contained in paragraph numbered "37" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

38. Denies each and every allegation contained in paragraph numbered "38" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

39. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "39" of Plaintiff's Complaint.

40. Denies each and every allegation contained in paragraph numbered "40" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

41. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "41" of Plaintiff's Complaint.

42. Denies each and every allegation contained in paragraph numbered "42" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

43. Denies each and every allegation contained in paragraph numbered "43" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

44. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "44" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

45. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "45" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

46. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "46" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## COUNT 1

47. Answering paragraph numbered "47" of Plaintiff's Complaint, 45-49 repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "46," inclusive with the same force and effect as though more fully set forth at length herein.

48. Denies each and every allegation contained in paragraph numbered "48" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

49. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "49" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

50. Denies each and every allegation contained in paragraph numbered "50" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

51. Denies each and every allegation contained in paragraph numbered "51" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

52. Denies each and every allegation contained in paragraph numbered "52" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

5754618.1

53. Denies each and every allegation contained in paragraph numbered "53" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

54. Denies each and every allegation contained in paragraph numbered "54" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

55. Denies each and every allegation contained in paragraph numbered "55" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

56. Denies each and every allegation contained in paragraph numbered "56" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

57. Denies each and every allegation contained in paragraph numbered "57" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

58. Denies each and every allegation contained in paragraph numbered "58" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## COUNT TWO

59. Answering paragraph numbered "59" of Plaintiff's Complaint, 45-49 repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "58," inclusive with the same force and effect as though more fully set forth at length herein.

5754618.1

60. Denies each and every allegation contained in paragraph numbered "60" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

61. Denies each and every allegation contained in paragraph numbered "61" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

62. Denies each and every allegation contained in paragraph numbered "62" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

63. Denies each and every allegation contained in paragraph numbered "63" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

64. Denies each and every allegation contained in paragraph numbered "64" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

65. Denies each and every allegation contained in paragraph numbered "65" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

66. Denies each and every allegation contained in paragraph numbered "66" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

67. Denies each and every allegation contained in paragraph numbered "67" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

### COUNT THREE

68. Answering paragraph numbered "68" of Plaintiff's Complaint, 45-49 repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "67," inclusive with the same force and effect as though more fully set forth at length herein.

69. Denies each and every allegation contained in paragraph numbered "69" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

70. Denies each and every allegation contained in paragraph numbered "70" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

71. Denies each and every allegation contained in paragraph numbered "71" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

72. Denies each and every allegation contained in paragraph numbered "72" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

### COUNT FOUR

73. Answering paragraph numbered "73" of Plaintiff's Complaint, 45-49 repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of

5754618.1

Plaintiff's Complaint, designated as paragraphs "1" through "72," inclusive with the same force and effect as though more fully set forth at length herein.

74. Denies each and every allegation contained in paragraph numbered "74" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

75. Denies each and every allegation contained in paragraph numbered "75" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

76. Denies each and every allegation contained in paragraph numbered "76" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

77. Denies each and every allegation contained in paragraph numbered "77" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

78. Denies each and every allegation contained in paragraph numbered "78" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

79. Denies each and every allegation contained in paragraph numbered "79" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## COUNT FIVE

80. Answering paragraph numbered "80" of Plaintiff's Complaint, 45-49 repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of

5754618.1

Plaintiff's Complaint, designated as paragraphs "1" through "79," inclusive with the same force and effect as though more fully set forth at length herein.

81. Denies each and every allegation contained in paragraph numbered "81" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

82. Denies each and every allegation contained in paragraph numbered "82" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

83. Denies each and every allegation contained in paragraph numbered "83" of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

84. This action is barred as Plaintiff participated in, contributed and/or caused any alleged intoxication of Defendant Christopher Moynihan.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

85. Plaintiff voluntarily engaged in a dangerous activity and in doing so, assumed the risks attendant thereto and those risks were open, obvious and known.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

86. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

87.     The negligence of Plaintiff was a proximate, contributing, or superseding cause of her alleged damages. Such negligence or fault, therefore, bars or diminishes any liability of 45-49 for any alleged damages sustained by Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

88.     The negligence or fault of persons and/or entities other than 45-49 was a proximate, contributing, or superseding cause of Plaintiff's alleged damages or resulting loss. Such negligence or fault, therefore, bars or diminishes liability of 45-49s for any alleged damages sustained by Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

89.     Plaintiff assumed the risk of any and all damages alleged in Plaintiff's Complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

90.     To the extent discovery may show or demonstrate all or part of Plaintiff's claims which form the basis of his Complaint have either been settled or adjudicated, the doctrines of res judicata, collateral estoppel, payment and release, waiver, and accord and satisfaction bar Plaintiff's claims against 45-49.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

91.     Any assessment of damages against 45-49 should be limited pursuant to Article 16 of the New York Civil Practice Law and Rules.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

92.     Any damages awarded to Plaintiff must be reduced by the amount Plaintiff received or will receive from any collateral source, including, but not limited to, insurance, social security, workers' compensation or employee benefit programs, that the Court finds was, or will

5754618.1

with reasonable certainty, be replaced or indemnified pursuant to §4545 of the New York Civil Practice Law and Rules.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

93. To the extent that discovery may show or demonstrate, Plaintiff failed to join feasible and necessary parties to afford a just adjudication of the causes of action alleged in Plaintiff's Complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

94. The occurrence and damages alleged in Plaintiff's Complaint resulted from an act of God, an unavoidable accident, a sudden emergency, or conditions or occurrences for which 45-49 was not liable or responsible.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

95. To the extent that discovery may show or demonstrate, Plaintiff, at all relevant times herein, failed to take reasonable action to mitigate the injuries and damages alleged in Plaintiff's Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

96. If Plaintiff settles, discontinues and/or ends this action and/or any other action arising out of the same incident to which the herein action pertains, and/or does so in the future as against one or more defendant herein and/or any other alleged tortfeasor, 45-49 asserts their rights to any and all set-offs in accordance with General Obligations Law §15-108.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

97. 45-49 did not have actual or constructive notice of any alleged dangerous conditions.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

98. 45-49 did not create any alleged dangerous conditions.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

99. 45-49 intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate motion.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

100. 45-49 did not breach any alleged contracts and/or agreements.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

101. Plaintiff was not an intended third-party beneficiary of any alleged contracts between 45-49 and any party named herein.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

102. Plaintiff's breach of contract claims are barred by New York's Statute of Frauds.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

103. No independent cause of action for punitive damages exists in New York.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

104. 45-49 did not sell alcohol to any visibly intoxicated persons.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

105. 45-49 did not illegally assist in procuring alcohol for any visibly intoxicated persons.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

106. 45-49 did not sell alcohol to any person under the age of twenty-one.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

107. 45-49 acted reasonably, in good faith, and without malice toward Plaintiff.

5754618.1

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

108.   45-49 owed no duty to Plaintiff.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CHRISTOPHER MOYNIHAN 45-49 WEST CENTRAL AVENUE LLC STATES:

109.   If the damages and injuries alleged in Plaintiff's Complaint were the result of any negligence other than Plaintiff's own negligence, said injuries and damages were caused by the active, primary, and affirmative negligence of Defendant Christopher Moynihan, without any active negligence or active participation on the part of 45-49 contributing thereto; and in that said Defendant Christopher Moynihan caused, created, maintained, controlled, supervised, and was responsible for the conditions alleged in Plaintiff's Complaint and at the situs of the alleged occurrence; and in that said Defendant Christopher Moynihan was the primary wrongdoers of any and all negligent or wrongful acts; and in that Defendant Christopher Moynihan was actively and actually caused, created, maintained, and were responsible for the conditions alleged in Plaintiff's Complaint; and that for these reasons, Defendant Christopher Moynihan is obligated to indemnify and hold harmless 45-49 from and against any and all liability and damages which may be imposed upon 45-49, and if any negligence or liability is found to exist on the part of 45-49, such liability and negligence is secondary and/or passive, or the result solely of operation of law as opposed to the liability of Defendant Christopher Moynihan whose liability is primary and active as aforesaid, and in such event 45-49 demands judgment over and against Defendant Christopher Moynihan in indemnity and/or contribution, for the amount of any verdict or judgment which shall or may be had

against 45-49 in this action, together with all costs and expenses which may be incurred in the defense of this action.

### AS AND FOR A SECOND CROSS-CLAIM
### AGAINST DEFENDANT CHRISTOPHER MOYNIHAN
### DEFENDANT 45-49 WEST CENTRAL AVENUE LLC ALLEGES:

110.  If 45-49 is held liable to Plaintiff in this action, such liability and damages will have arisen out of and have been contributed to in all or in part by the negligence, recklessness, and/or carelessness, of Defendant Christopher Moynihan and in such event 45-49 demands judgment over and against Defendant Christopher Moynihan in indemnity and/or contribution, for the amount of any verdict or judgment which shall or may be had against 45-49 in this action, together with all costs and expenses which may be incurred in the defense of this action.

**WHEREFORE**, 45-49 West Central Avenue LLC, demands judgment dismissing Plaintiff's Complaint, and further demands judgment over and against Defendant Christopher Moynihan on its cross-claims, for the amount of any judgment obtained against 45-49 West Central Avenue LLC, on the basis of apportionment of responsibility in such amounts as a jury or Court may direct, together with the costs and disbursements of this action.

Dated. Garden City, New York
November 2, 2016

> Respectfully submitted,
> GOLDBERG SEGALLA LLP
>
> _____
> By. Scott P. Eisenberg, Esq. (SE-3781)
> *Attorneys for Defendants*
> *The Saloon LLC d/b/a The Pearl River Saloon,*
> *Shawn Casey, Bridget V. Killen and 45-49 West*
> *Central Avenue LLC*
> 200 Garden City Plaza, Suite 520
> Garden City, New York 11530

5754618.1

(516) 281-9800
seisenberg@goldbergsegalla.com

**Via Electronic Case Filing**

TO.   Blau Leonard Law Group, LLC
      *Attorneys for Plaintiff*
      23 Green Street, Suite 303
      Huntington, New York 11743
      (631) 458-1010
      sblau@blauleonard.com